IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
June 4, 2008 Session

## TERRANCE N. CARTER v. RICKEY BELL

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Davidson County**
**No. 3766    Monte Watkins, Judge**

**No. M2006-01363-SC-R11-HC - Filed February 27, 2009**

GARY R. WADE, J., dissenting.

I respectfully dissent. In my view, our legislature has granted trial courts with broad statutory authority to transfer claims filed in the wrong jurisdiction under the remedial provisions found in Tennessee Code Annotated section 16-1-116 (Supp. 2008). Moreover, this Court has traditionally encouraged the disposition of colorable claims on the merits rather than on procedural grounds. In consequence, I would reverse the judgment of the Court of Criminal Appeals and remand to the trial court for a transfer of the claim to the court having jurisdiction under the Post-Conviction Procedure Act.

### Background

The relevant facts are as stated by the majority. On August 29, 2005, the Petitioner was convicted of possession of less than 0.5 grams of cocaine with intent to sell. The trial court imposed a seven year sentence. Nine months later, the Petitioner, while incarcerated in Davidson County, filed a *pro se* petition for writ of habeas corpus in the Davidson County Criminal Court. The Petitioner contended that he had been illegally sentenced to seven years, when, as a Range I offender for a class C felony, he only qualified for a term of between three and six years. See State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). He further alleged that his guilty plea was "not knowingly and voluntarily entered," a claim of constitutional violation subject to review under the Post-Conviction Procedure Act of 1967.[1] Tenn. Code Ann. § 40-30-103 (2003); see, e.g., Howell

---

[1] The Post-Conviction Procedure Act was adopted by the Tennessee General Assembly in 1967 upon the recommendations of the Tennessee Law Revision Commission. The purposes of the act, in recognition of the need for an adequate procedure for the consideration of constitutional claims, are as follows:

(a) To provide a post-conviction process at least as broad in scope as existing federal statutes under which claims of violation of constitutional right asserted by persons convicted by the state courts of Tennessee are determined in federal courts under the federal habeas corpus statutes.

(b) To provide a procedure in such cases that is swift and simple and easily invoked.

(continued...)

v. State, 185 S.W.3d 319, 330-37 (Tenn. 2006) (considering challenge to knowing and voluntary nature of plea in post-conviction proceedings). He specifically asked the trial court to "promptly remand [the] case to the Criminal Court of Maury County [the place of his conviction] . . . for appropriate disposition."

On June 8, 2006, the trial court summarily dismissed the petition, finding that the Petitioner had failed to establish that his conviction or sentence was "void or illegal," grounds for habeas corpus relief. See Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005). The trial court did not, however, address the Petitioner's request to remand the case to the Criminal Court of Maury County. Afterward, the Petitioner filed a timely appeal, but he did not file a separate post-conviction petition in Maury County Criminal Court within the one year statute of limitations. Tenn. Code Ann. § 40-30-102(a) (2003). The Court of Criminal Appeals affirmed the denial of habeas corpus relief and further held that the Davidson County Criminal Court lacked the statutory authority to transfer the constitutional claim to the Maury County Criminal Court, which had exclusive jurisdiction over any alleged grounds for post-conviction relief.

## Analysis
### Habeas Corpus and Post-Conviction

The statutory provisions governing habeas corpus relief and post-conviction relief in Tennessee are two "separate and distinct" procedures. Summers v. State, 212 S.W.3d 251, 261 (Tenn. 2007). "Any person imprisoned or restrained of liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101 (2000). An application for writ of habeas corpus "should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Tenn. Code Ann. § 29-21-105 (2000). In most instances, this court is in the county where the petitioner is incarcerated.[2]

_____

[1](...continued)
(c) To provide for full fact hearings to resolve disputed factual issues, and for compilation of a record to enable federal courts to determine the sufficiency of those hearings.

(d) To provide for decisions supported by opinions, fact findings and conclusions of law, which disclose the grounds of decision and resolution of disputed facts.

Gary L. Anderson, Post-Conviction Relief in Tennessee–Fourteen Years of Judicial Administration Under the Post-Conviction Procedure Act, 48 Tenn. L. Rev. 605, 609-10 (1981) (quoting F. Dennis, A Post-Conviction Procedure Act for Tennessee (First Draft) § 102(2) (Tenn. State Archives)).

[2] In Anderson v. State, No. M2004-02116-CCA-R3-HC, 2006 WL 739885 (Tenn. Crim. App. Mar. 23, 2006), the Court of Criminal Appeals considered the propriety of a *pro se* petition for writ of habeas corpus relief filed in Wayne County, the place of the petitioner Manny T. Anderson's imprisonment. Anderson alleged that he had not knowingly and voluntarily entered a plea which corresponded to the judgment of conviction. After concluding that Anderson was not entitled to habeas corpus relief, Judge David G. Hayes, writing for the Court of Criminal Appeals, confirmed that habeas corpus relief was not appropriate but remanded the proceeding to Wayne County to transfer the petition to Davidson County Criminal Court, the county of conviction, for consideration as a colorable claim for post-conviction
(continued...)

A trial court may grant a writ of habeas corpus "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence . . . or that a . . . sentence of imprisonment or other restraint has expired." State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000) (quoting Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993)). The burden is on the petitioner to establish by a preponderance of the evidence that the challenged judgment is void or that a term of imprisonment has expired. State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291-92 (Tenn. 1964). If the petition fails on its face to state a colorable claim for a writ of habeas corpus, the trial court may then summarily dismiss the petition. Tenn. Code Ann. § 29-21-109 (2000); Summers, 212 S.W.3d at 260.

In contrast, a petitioner may seek relief under the Post-Conviction Procedure Act "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. "A post-conviction proceeding is commenced by filing, with the clerk of the court in which the conviction occurred, a written petition naming the state as the respondent." Tenn. Code Ann. § 40-30-104(a) (2006).[3]

A *pro se* petition in a post-conviction case is "held to less stringent standards than formal pleadings drafted by lawyers, and the test is whether it appears beyond doubt that the [petitioner] can prove no set of facts in support of his claim which would entitle him to relief." Swanson v. State, 749 S.W.2d 731, 734 (Tenn. 1988) (quoting Baxter v. Rose, 523 S.W.2d 930, 939 (Tenn. 1975)). Although a *pro se* litigant generally must adhere to the same procedural rules as one represented by counsel, this Court has previously ruled that a "*pro se* petition cannot be held to the standards of a petition drafted by a lawyer." Id. at 735.[4] Moreover, the trial court has the discretionary authority

---

[2](...continued)

relief:

> Notwithstanding this holding, we are constrained to note that "[a] petition for habeas corpus may be treated as a petition under [the Post-Conviction Procedure Act] when the relief and procedure authorized by [the Act] appear adequate and appropriate . . . ." T.C.A. § 40-30-105(c). In considering whether a post-conviction petition states a colorable claim for relief, the post-conviction court is to take the facts alleged as true. See T.C.A. § 40-30-106(f) (2003).

Anderson, 2006 WL 739885, at *3.

[3] The petition must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final . . . ." Tenn. Code Ann. § 40-30-102(a) (2006). The one year statute of limitations in post-conviction cases is subject to certain exceptions, none of which are relevant in the present case. See Tenn. Code Ann. § 40-30-102(b).

[4] "[I]t must be borne in mind that they were not prepared by counsel, but by a layman unlearned in the law. The allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers, and the test is whether it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

(continued...)

to treat a petition for habeas corpus relief as one for post-conviction relief. Tenn. Code Ann. § 40-30-105(c) (2006).

Transfer of Cases

These principles are the backdrop for the question of first impression posed in this case: whether a trial court should transfer grounds for post-conviction relief contained in a pro se petition for habeas corpus to the court having proper jurisdiction.[5] I would have answered in the affirmative.

In Norton v. Everhart, 895 S.W.2d 317 (Tenn. 1995), the petitioner filed a *pro se* petition for a writ of habeas corpus in the Morgan County Criminal Court seeking review of a parole revocation decision. The trial court dismissed the petition, finding that the petitioner did not allege any possible grounds for habeas corpus relief. The Court of Criminal Appeals, which applied the relaxed standard applicable to *pro se* proceedings, reversed, concluding that the trial court had the inherent power to transfer the habeas corpus petition to Davidson County for review as a petition for certiorari. Id. at 318. After granting an application by the State for permission to appeal, this Court reinstated the judgment of dismissal, holding "that a court lacking subject matter jurisdiction over a case has no authority to transfer it, unless that authority is specifically conferred by statute, rule, or constitutional provision." Id. at 319. Importantly, however, Justice Frank Drowota, writing for a unanimous court, also observed that "both judicial economy and our . . . policy of disposing of cases on the merits, rather than for technical reasons, would be better served by the adoption of a rule allowing courts without subject matter jurisdiction to transfer the case to any proper court." Id. at 320 (emphasis added). Based upon a desire to facilitate the consideration of claims on their substance rather than their form, or lack thereof, this Court "invite[d] the legislature to enact a broad transfer statute." Id.

Shortly after the decision in Norton, the Tennessee General Assembly enacted a broad, remedial transfer provision. The statute, effective on May 23, 2000, provides as follows:

> Notwithstanding any other provision of law or rule of court to the contrary, when an original civil action, an appeal from the judgment of a court of general sessions, or a petition for review of a final decision in a contested case under the Uniform Administrative Procedures Act, compiled in title 4, chapter 5, is filed in a state or county court of record or a general sessions court and such court determines that it

---

[4](...continued)
entitle him to relief." Baxter, 523 S.W.2d at 939.

[5] Our intermediate courts have addressed (and reached conflicting results) in similar cases. See Anderson, 2006 WL 739885, at *3 (affirming the Wayne County Circuit Court's denial of habeas corpus relief but directing the court to transfer the case to the Davidson County Criminal Court for docketing as a post-conviction matter). But see State v. Darden, No. W2001-01833-CCA-R3-CD, 2002 WL 1482798, at *2 (Tenn. Crim. App. Feb. 12, 2002) (holding that the Lake County Court did not have jurisdiction over post-conviction issues and was without authority to transfer those issues to Robertson County); Smith v. Hesson, 63 S.W.3d 725, 728 (Tenn. Ct. App. 2001) (finding no authority to transfer). These decisions, however, did not include any consideration of the terms of Tennessee Code Annotated section 16-1-116.

lacks jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was originally filed. Upon such a transfer, the action or appeal shall proceed as if it had been originally filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred.

Tenn. Code Ann. § 16-1-116 (emphasis added).

The question in this instance is whether this statute governs in these circumstances. I believe that it does, whether by the plain meaning of the words or by the historical context of the legislation. If that is so, the trial court had the duty to transfer the post-conviction claim in the interests of justice.

### Plain Meaning of Section 16-1-116

Well-defined precepts apply to questions of statutory interpretation. Our chief concern is to carry out legislative intent without broadening or restricting the statute beyond its intended scope. Houghton v. Aramark Educ. Res., Inc., 90 S.W.3d 676, 678 (Tenn. 2002). When a statute is clear, we apply the plain meaning without complicating the task. Eastman Chem. Co. v. Johnson, 151 S.W.3d 503, 507 (Tenn. 2004). Our obligation is simply to enforce the written language. Abels ex rel. Hunt v. Genie Indus., Inc., 202 S.W.3d 99, 102 (Tenn. 2006). It is only when a statute is ambiguous that courts may reference the broader statutory scheme, the history of the legislation, or other sources. Parks v. Tenn. Mun. League Risk Mgmt. Pool, 974 S.W.2d 677, 679 (Tenn. 1998).

When attempting to ascertain the plain meaning of a statutory text, courts will often rely on dictionaries for widely-accepted definitions of individual words and terms.[6] See, e.g., State v. Meeks, 262 S.W.3d 710, 719-20 (Tenn. 2008) (interpreting Tenn. R. App. P. 3(c)(1)); Walker v. Sunrise Pontiac-GMC Truck, Inc., 249 S.W.3d 301, 309 (Tenn. 2008) (interpreting Tenn. Code Ann. § 47-18-109(a)(1)); State v. Edmondson, 231 S.W.3d 925, 927-28 (Tenn. 2007) (interpreting Tenn. Code Ann. § 39-13-404); State v. Pickett, 211 S.W.3d 696, 705 (Tenn. 2007) (interpreting Tenn. Code Ann. § 39-17-1003(a)). Recently, this Court specifically identified Black's Law Dictionary as an authoritative informational source. Edmondson, 231 S.W.3d at 928 ("When the Legislature does not provide a specific definition for a statutory term, this Court may look to other sources, including Black's Law Dictionary, for guidance."). Although reliance on dictionaries does not absolve us of our duty to consider the "statutory context in which the words are used, the underlying facts, the legislative history, and prior judicial decisions" when construing a statute as a whole, Waldschmidt v. Reassure Am. Life Ins. Co., 271 S.W.3d 173, 176 n.2 (Tenn. 2008), a dictionary

---

[6] A 1994 computer search performed by the Harvard Law Review estimated that the U.S. Supreme Court had referred to dictionaries in more than six hundred cases. Note, Looking it Up: Dictionaries and Statutory Interpretation, 107 Harv. L. Rev. 1437, 1437 (1994). The Court did so recently in its consideration of litigation to which a metropolitan government of this state was a party, Crawford v. Metro. Gov't of Nashville and Davidson County, Tenn., 129 S. Ct. 846, 850 (2009). The Court, charged with defining the term "oppose" as it is used in section 2000e-3(a) of chapter 42 of the U.S. Code, concluded that "'oppose,' being left undefined by the statute, carries its ordinary meaning" and looked to dictionaries for its answer. Id.

may be an invaluable tool for determining the plain meaning of individual terms, such as "original civil action."

At the time the General Assembly enacted section 16-1-116 in 2000, the latest edition of Black's Law Dictionary provided the following definition of "civil action": "[a]n action brought to enforce, redress, or protect a private or civil right; a noncriminal litigation." Black's Law Dictionary 30 (7th ed. 1999). A "private right" was defined as "[a] personal right, as opposed to a right of the public or the state." Id. at 1323. A "civil right," on the other hand, was defined as follows:

> 1. The individual rights of personal liberty guaranteed by the Bill of Rights and by the 13th, 14th, 15th, and 19th Amendments, as well as by legislation such as the Voting Rights Act. • Civil rights include esp. the right to vote, the right of due process, and the right of equal protection under the law.
> 2. CIVIL LIBERTY

Id. at 240. The synonym "civil liberty" was defined as "[f]reedom from undue governmental interference or restraint." Id. at 239.

By the use of this definition, a petition containing a claim of constitutional abridgement qualifies as "[a]n action brought to enforce, redress, or protect a private or civil right." In this instance, the Petitioner, who sought to protect his "individual rights of personal liberty guaranteed by the Bill of Rights" and his "[f]reedom from undue governmental interference or restraint," claimed his action was to protect a civil right guaranteed by the United States Constitution.

Although the dictionary definition of "civil action" included only "non-criminal litigation," and a claim under the Post-Conviction Procedure Act is an attack upon a criminal conviction or sentence, Black's Law Dictionary limited the definition of "criminal proceeding" to a determination of "a person's guilt or innocence [or] a convicted person's punishment," or "a criminal hearing or trial." Id. at 1221. Here, the Petitioner did not seek to establish his guilt or innocence or to set his punishment; instead, he presented a collateral challenge to the constitutionality of his earlier conviction, a proceeding this Court has previously described as not strictly criminal in nature. See Watkins v. State, 903 S.W.2d 302, 305 (Tenn. 1995) ("A post-conviction proceeding is a hybrid affair . . . which is considered under *civil rules of procedure*."). Tennessee Code Annotated section 16-5-108(a)(2) (1994) grants the Court of Criminal Appeals appellate jurisdiction in post-conviction cases as cases "instituted with reference to or arising out of a criminal case." There is no contradiction, however, in holding that a post-conviction claim is a civil action, but one instituted "with reference to or arising out of" litigation that qualified as criminal in nature. At most, the language used creates some ambiguity as to whether a post-conviction petition qualifies as a "civil action."

If a post-conviction action fits the plain meaning of "civil action," it must only fall outside the meaning of "original civil action" if it is not "original." The term "original" in its most natural meaning refers to any jurisdiction which is not appellate. See Black's Law Dictionary at 856

(defining "original jurisdiction"). A post-conviction claim is a new, collateral challenge to an earlier judgment, not an appeal. Edwards v. State, 269 S.W.3d 915, 919-20 (Tenn. 2008) ("Indeed, recognizing the limited nature of Tennessee's habeas corpus procedure, the Legislature enacted the Post-Conviction Procedure Act to provide a collateral procedure that allows state courts to consider and to remedy a broader range of claims.").

In consequence, I cannot concur with the majority's conclusion that "original civil action" unambiguously excludes actions for post-conviction relief. It is my opinion that the term includes actions for post-conviction and habeas corpus relief – both of which are actions by private individuals to enforce their personal civil rights. If, however, the phrase qualifies as ambiguous, or if there is reason to think that the General Assembly intended to employ a definition other than its plain meaning, it is our duty to ascertain intent by consideration of the legislative history of a statute.

<u>Context of Section 16-1-116</u>
Section 16-1-116 was enacted against a background of prior judicial decisions considering the appropriate application of procedural rules to litigation involving both civil and criminal elements. Neither the rules of criminal procedure nor the rules of civil procedure apply to post-conviction proceedings, except as specifically provided by statute or Supreme Court Rule. See Tenn. Sup. Ct. R. 28 § 3(B).[7] This Court has previously addressed the nature of post-conviction proceedings:

> The procedural characteristics of the post-conviction remedy should be appropriate to the purposes of the remedy. While the post-conviction proceeding is separate from the original prosecution proceeding, the post-conviction stage is an extension of the original proceeding and should be related to it insofar as feasible.
>
> Post-conviction review has become an established part of the criminal process. <u>In formulating a rule we recognize that the post-conviction proceeding is procedurally separate and apart from the original criminal prosecution.</u> It may be initiated by a petition for habeas corpus. It seeks not to convict, but to set aside a conviction which is void or voidable because of the abridgement of constitutional rights . . . . <u>The procedure by which a criminal conviction may be set aside is civil in nature, therefore it is tried under the Rules of Civil Procedure and less stringent evidentiary rules apply.</u> If the petitioner is unsuccessful in his application his criminal status is retained.

Watkins, 903 S.W.2d at 305 (quoting ABA Standards for Criminal Justice, Standard 22-1.2) (2nd Ed.) (internal citation omitted) (emphasis added).

---

[7] Prior to adoption of Supreme Court Rule 28, however, the rules of civil procedure were generally deemed applicable to post-conviction proceedings. Watkins, 903 S.W.2d at 305.

By the application of these principles, we previously determined that Tennessee Code Annotated section 28-1-106 (1980), which tolled the statute of limitations in "civil causes of action" for mental incompetency, applied to post-conviction cases. Watkins, 903 S.W.2d at 305.[8] While confirming "the fundamental nature of the rights litigated within the post-conviction process and the important function this process serves within our criminal justice system," the Court in Watkins chose not to "quibble" as to whether the proceeding would be classified as civil or criminal. Id. at 304-05. Quoting Smith v. Bennett, 365 U.S. 708, 712 (1961), this Court ruled that "[t]he availability of a procedure to regain liberty lost through criminal process cannot be made contingent upon a choice of labels." Watkins, 903 S.W.2d at 305. Thus, when the General Assembly enacted section 16-1-116, it did so in the historical perspective that caviling distinctions between "civil" and "criminal" should not frustrate procedural recourse.

Statutory context, like our earlier precedents, supports the applicability of 16-1-116 to post-conviction and habeas corpus actions. Significantly, section 16-1-116 does not exclude either habeas corpus or post-conviction cases. Moreover, that the statute was enacted after our decision in Norton, without specific exclusion, implies that transfers of petitions for lack of jurisdiction met with legislative approval. See State v. Powers, 101 S.W.3d 383, 394 (Tenn. 2003) (stating that the legislature is presumed to know existing law when legislation is enacted). Similarly, there is no specific provision in the habeas corpus statutory scheme that either allows or prohibits the transfer of a habeas corpus case to the court of conviction for further proceedings under the Post-Conviction Procedure Act. In the absence of specific statutory guidance, the general provisions of section 16-1-116 should control.

In my view, section 16-1-116 clearly vests the trial courts with the authority to transfer a post-conviction claim from one county, which has no jurisdiction, to another, which does. Had the trial court, in this instance, exercised that authority, the post-conviction procedure would have been available to the Petitioner under Tennessee Code Annotated section 40-30-102(a). In the context of due process, a ruling on the merits is always preferable to the procedural bar, even if the results are equally unfavorable.[9]

Our admonition in Watkins is applicable here: "The availability of a procedure to regain liberty lost through criminal process cannot be made contingent upon a choice of labels." 903 S.W.2d at 305 (quoting Smith, 365 U.S. at 712). Because I believe that the trial court had the statutory authority to transfer the case to the court of conviction for proceedings under the Post-Conviction Procedure Act, I would reverse and remand for transfer to the Criminal Court of Maury County.

---

[8] The specific holding in Watkins regarding the tolling of the post-conviction statute of limitations has been superseded by a statutory amendment. See Seals v. State, 23 S.W.3d 272, 275-76 (Tenn. 2000).

[9] One observer has criticized the courts that have implemented the Post-Conviction Procedure Act for their tendency to place "unnecessary judicial restrictions on the availability of post-conviction relief." Anderson, 48 Tenn. L. Rev. at 662.

_____
GARY R. WADE, JUSTICE