**Donald SMITH**

v.

**Alton HESSON.**

Court of Appeals of Tennessee, Western Section, at Jackson.

May 18, 2001.

Permission to Appeal Denied by Supreme Court Sept. 24, 2001.

Donald Smith, Henning, pro se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Stephanie R. Reevers, Senior Counsel, Nashville, for appellee, Alton Hesson.

## OPINION

CRAWFORD, P.J., W.S., delivered the opinion of the court, in which HIGHERS, and FARMER, JJ., joined.

Prisoner filed petition for habeas corpus alleging that the Commissioner of Corrections unlawfully increased prisoner's parole eligibility date by 30%. Petitioner alleges that, because the statute governing such an increase was not in effect when he was convicted of his criminal offenses, the Commissioner's actions violated his rights under the United States and Tennessee constitutions. The trial court dismissed the petition, and petitioner has appealed. We affirm.

Donald Smith ("Petitioner") is currently serving a forty-seven (47) year sentence for murder and a five (5) year sentence for assault in the Tennessee Department of Correction ("TDOC"). On April 27, 1997, Petitioner alleges that he was attacked by another prisoner who was armed with a homemade knife. Petitioner further alleges that the prison disciplinary board found him guilty of assault in that attack, and that the Commissioner of Corrections extended his parole eligibility date by 30% based upon T.C.A. § 40–35–501(k).[1] Petitioner alleges constitutional violations, both under the United States and the Tennessee constitutions, and seeks an order granting all relief to which he is entitled.

On October 10, 2000, the trial court filed an order finding that Petitioner failed to allege grounds for habeas corpus relief, and that, even if the court were to treat the petition as one for post-conviction relief, the court lacked jurisdiction to hear the claim. Petitioner has appealed, and the only issue for review is whether the trial court erred in dismissing the petition for writ of habeas corpus.

In *Humphries v. West End Terrace, Inc.,* 795 S.W.2d 128 (Tenn.Ct.App.1990), this Court said:

---

1. Petitioner claims the Commissioner of Corrections waited 2 ½ years before increasing his parole eligibility date. However, the record does not contain any documentation of the disciplinary board's proceedings or the Commissioner's decision to increase Petitioner's parole eligibility date.

A motion to dismiss pursuant to Rule 12.02(6), Tenn.R.Civ.P., for failure to state a claim upon which relief can be granted is the equivalent of a demurrer under our former common law procedure and, thus, is a test of the sufficiency of the leading pleading. *Cornpropst v. Sloan,* 528 S.W.2d 188, 190, 93 A.L.R.3d 979 (Tenn.1975). Such a motion admits the truth of all relevant and material averments contained in the complaint but asserts that such facts do not constitute a cause of action. *Cornpropst,* 528 S.W.2d at 190. A complaint should not be dismissed upon such a motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Fuerst v. Methodist Hospital South,* 566 S.W.2d 847, 848 (Tenn.1978). In considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court should construe the complaint liberally in favor of the plaintiff taking all of the allegations of fact therein as true. *Huckeby v. Spangler,* 521 S.W.2d 568, 571 (Tenn.1975).

*Id.* at 130. *See also Riggs v. Burson,* 941 S.W.2d 44 (Tenn.1997).

■ We begin our analysis of Petitioner's arguments in this case by noting that, in Tennessee, the writ of habeas corpus is limited in scope and in relief. *See, e.g., State v. Ritchie,* 20 S.W.3d 624 (Tenn. 2000); *State v. Davenport,* 980 S.W.2d 407, 409 (Tenn.Crim.App.1998). Under Article I, Section 15 of the Tennessee Constitution, a petitioner may contest a void or illegal confinement at any time during the period of incarceration by bringing a petition for a writ of habeas corpus. *See Archer v. State,* 851 S.W.2d 157 (Tenn. 1993). In *Archer,* the Court said:

Habeas corpus relief is available in Tennessee only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

*Id.* at 164.

■ A void or illegal judgment is one which is facially invalid, because the court rendering the judgment lacked the proper statutory authority, whereas a voidable judgment is facially valid and requires proof in addition to the record or judgment to show that it is voidable. *See Dykes v. Compton,* 978 S.W.2d 528, 529 (Tenn.1998). In *Passarella v. State,* 891 S.W.2d 619 (Tenn.Crim.App.1994), the Court said:

A judgment of a court of general jurisdiction is presumed to be valid. This presumption is said to be conclusive unless the judgment is impeached by the record. If the court rendering a judgment has jurisdiction of the person, the subject-matter, and has the authority to make the challenged judgment, the judgment is voidable, not void; and the judgment may not be collaterally attacked in a suit for habeas corpus relief.

*Id.* at 627.

■ An evidentiary hearing is not required for every petition for writ of habeas corpus. Unless the allegations of the petition establish the void character of the judgment, the evidentiary hearing is not warranted. *See Russell v. Willis,* 222 Tenn. 491, 437 S.W.2d 529 (1969); *State ex. rel Byrd v. Bomar,* 214 Tenn. 476, 381 S.W.2d 280 (1964).

■ In the case at bar, it does not appear on the face of the record that the convicting court was without jurisdiction to enter the judgment, nor does it appear on the face of the record that Petitioner's sentence of imprisonment has expired.

Petitioner argues that the Commissioner of Corrections changed his sentence by increasing his parole eligibility date by 30%. However, under T.C.A. § 40–35–501(k), the Commissioner has the right to increase the release eligibility date based on a prisoner's violation of the Department of Correction's rules. That statute provides:

> The release eligibility date provided for in this section is the earliest date an inmate convicted of a felony is eligible for parole; such date is conditioned on the inmate's good behavior while in prison. For a violation of any of the rules of the department of correction or institution in which the inmate is incarcerated or while on any release program other than parole, the commissioner or the commissioner's designees may defer the release eligibility date so as to increase the total amount of time an inmate must serve before becoming eligible for parole. This increase may, in the discretion of the commissioner, be in any amount of time not to exceed the full sentence originally imposed by the court, and shall be imposed pursuant to regulations promulgated by the commissioner which give notice of the length of discretionary increases that may be imposed for a violation of each of the rules of the department or institution.

T.C.A. § 40–35–501(k) (Supp.2000). First, we note that the Commissioner did not "change" Petitioner's sentence, but merely increased Petitioner's parole eligibility date. Second, the Commissioner clearly has the authority to increase Petitioner's release date. Petitioner has made no allegations which indicate his sentence is void or has expired.

Petitioner also argues that the Commissioner violated his constitutional rights of due process, equal protection, the *ex post facto* clause, and the principle of separation of powers. In support of this position, Petitioner points to the fact that the Commissioner acted under T.C.A. § 40–35–501, which was not in effect at the time he was sentenced.[2] Petitioner also claims that the Commissioner purposefully delayed acting to increase Petitioner's release date so that Petitioner could not contest the Commissioner's actions.

Neither of these claims is appropriately brought under a petition for habeas corpus. In *Archer*, the Tennessee Supreme Court noted that if a petition for habeas corpus "is, in fact, a request for relief that may be granted only pursuant to the post-conviction statutes, a court may properly treat that petition as a petition for post-conviction relief and apply the appropriate three-year statute of limitations to its filing." 851 S.W.2d at 164. However, even if we were to treat these claims as a petition for post-conviction relief under *Archer*, we believe the trial court correctly found that it lacked jurisdiction to hear the claims. A petition for post-conviction relief is not properly filed in a court other than that in which the conviction was entered. *See T.C.A. § 40–30–204(a).*

Accordingly, the order of the trial court dismissing the petition is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are assessed to Appellant–Petitioner, Donald Smith.

---

**2.** While Petitioner is correct in asserting that T.C.A. 40–30–501 has been amended several times since his convictions in 1983 and 1990, the provision allowing the Commissioner to extend parole release dates if prisoners violate Department of Correction rules has remained virtually unchanged over the years.