IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 26, 2011

## JAMES LEON PARKER v. DAVID R. SEXTON, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. 5846      Robert E. Cupp, Judge**

---

**No.  E2011-01472-CCA-R3-HC-FILED-JANUARY 6, 2012**

---

Petitioner, James Leon Parker, appeals the Johnson County Criminal Court's denial of habeas corpus relief.  Because we determine that Petitioner has failed to establish that his judgments were void or his sentences were expired, we affirm the denial of relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

James Leon Parker, Pro Se, Mountain City, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; Anthony Clark, District Attorney General; and C. Brad Sporles, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

Petitioner was incarcerated in Sullivan County, Tennessee on February 2, 2007.  On December 18, 2007, Petitioner requested disposition of untried indictments from Scott County, Virginia.  According to the technical record, the request for disposition of the indictments was received on January 25, 2008.  On February 4, 2008, the Scott County Virginia Commonwealth Attorney requested temporary custody of Petitioner for the purpose of trial on the charges in accordance with the Interstate Compact on Detainers ("ICD").  Petitioner was transferred to custody of Scott County, Virginia on March 25, 2008.

Prior to Petitioner's transfer to Scott County, Virginia, on March 4, 2008, Petitioner was convicted by a Sullivan County jury of sale of .5 grams of cocaine within 1000 feet of a school, sale of .5 grams of cocaine, possession of .5 grams or more of a substance containing cocaine with the intent to sell, and sale of cocaine. As a result, it appears from the record that Petitioner was sentenced to a total effective sentence of thirty-three years. Petitioner's sentence was imposed on September 19, 2008. Petitioner's convictions and sentence were affirmed by this Court on appeal. *State v. James Parker, aka "Self"*, No. E2009-02353-CCA-R3-CD, 2010 WL 4812746 (Tenn. Crim. App., at Knoxville, Nov. 23, 2010).

On March 28, 2011, Petitioner filed the petition for writ of habeas corpus at issue herein. In the petition, he argued that Tennessee waived jurisdiction to sentence Petitioner when it "relinquished [Petitioner] to the State of Virginia for disposition of untried indictments prior to being sentenced on charges in the state of Tennessee." Petitioner cited the ICD in support of his argument.

The State filed a motion to dismiss the petition for writ of habeas corpus. The habeas court granted the motion to dismiss, finding that Petitioner's claims would render the judgments voidable, rather than void. Further, the court found that even if Petitioner's claim under the ICD rendered the judgment void, Petitioner failed to establish a violation of the compact. Petitioner filed a timely notice of appeal.

*Analysis*

On appeal, Petitioner argues that the habeas corpus court improperly dismissed his petition for relief. Specifically, Petitioner argues that Tennessee was without jurisdiction to sentence him because he was transferred to Virginia prior to sentencing for crimes he was convicted of in Tennessee. Therefore, he insists that his Tennessee judgments are void and he is entitled to habeas corpus relief. Additionally, Petitioner argues that he presented cognizable claims and was entitled to a hearing. The State insists that the dismissal of the petition was proper.

Initially, we note that Petitioner has failed to support his argument with appropriate references to the record of this case, *see* Tenn. R. App. P. 27(a)(7), thereby waiving our consideration of the issue, *see* Tenn. Ct. Crim. App. R. 10(b). Despite the apparent waiver, we choose to address the issue on its merits.

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is

the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T.C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. For the benefit of individuals such as Petitioner, our legislature has explicitly laid out the formal requirements for a petition for a writ of habeas corpus at Tennessee Code Annotated section 29-21-107:

(a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

(b) The petition shall state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers*, 212 S.W.3d at 260; *see also Hickman*, 153 S.W.3d at 21.

Petitioner herein based his claim for relief in part on the ICD. The ICD is an agreement among the states, the District of Columbia, Puerto Rico, the Virgin Islands, and the United States, *see Carchman v. Nash*, 473 U.S. 716, 719 (1985), which, through "cooperative procedures," seeks "to encourage the expeditious and orderly disposition of . . . charges [outstanding against a prisoner] and determination of the proper status of any and all detainers based on untried indictments, informations or complaints." T.C.A. § 40-31-101, art. I. The so-called "anti-shuttling" provision of the Compact provides as follows:

If trial is not had on any indictment, information or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to article V(e) hereof, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

*Id.* § 40-31-101, art. IV(e). The provisions of the ICD are triggered only when a prisoner has "entered upon" and "is serving a term of imprisonment in any party state," and "a detainer is filed with the custodial or sending state, which includes the United States, by another state which has untried charges pending against the prisoner." T.C.A. § 40-31-101, art. III(a) and art. IV(a); *State v. Brown*, 53 S.W.3d 264, 285 (Tenn. Crim. App. 2000) (citing *United States v. Mauro*, 436 U.S. 340, 343-47 (1978). A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." *Carchman*, 473 U.S. at 719.

In the case herein, Petitioner was incarcerated in Tennessee. He requested resolution of charges that were outstanding in Virginia. In response, Virginia filed for temporary custody of Petitioner. In the meantime, Petitioner was tried and convicted of multiple charges in Tennessee. He was sent to Virginia prior to sentencing. The record herein does not indicate the disposition of the charges in Virginia. Petitioner was then transferred back to Tennessee and sentenced.

Petitioner argues that Tennessee was without jurisdiction to sentence him under the ICD and that he is entitled to habeas corpus relief. We can find no violation of the ICD herein. Petitioner had not yet "entered upon a term of imprisonment" in Tennessee according to the provisions of the ICD when he was transferred to Virginia. T.C.A. § 40-31-101. He had merely been convicted and was awaiting sentencing. Additionally, nothing on the face of the judgments indicates that Petitioner's sentences have expired or that his judgments are void. Moreover, any violation of the ICD would have likely resulted in invalidation of the charges or indictments in Virginia, "the receiving state" under the ICD. *See Id.*, art. III(d).

On a related note, Petitioner responds to an argument of the State by insisting that Tennessee violated the sentencing statute with respect to the timing of his sentencing. *See* T.C.A. § 40-35-209(a). Petitioner has waived this issue by failing to raise it in his petition for habeas corpus relief. "A party may not raise an issue for the first time in the appellate court." *State v. Turner*, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995).

Petitioner also argues that his Due Process rights were violated. A claim of a violation of due process rights is not a cognizable claim for habeas corpus relief. *Smith v. Henson*, 63 S.W.3d 725, 728 (Tenn. Ct. App. 2001); *John A. Woodruff, Sr. v. State*, No. M2009-00187-CCA-R3-H.C., 2009 WL 2877619, at *2 (Tenn. Crim. App., at Nashville, Aug. 4, 2009). Petitioner is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the habeas corpus court is affirmed.

_____
JERRY L. SMITH, JUDGE

-5-