IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 29, 2021

**WAYNARD QUARTEZ WINBUSH v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Johnson County**
**No. CC-2020-CR-110     Stacy L. Street, Judge**
———————————————————

**No. E2020-01557-CCA-R3-HC**
———————————————————

Waynard Quartez Winbush, Petitioner, appeals from the summary dismissal of his petition for writ of habeas corpus challenging his 2016 conviction for conspiracy to sell a Schedule I controlled substance within a thousand feet of a school. We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Waynard Quartez Winbush, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Ken C. Baldwin, District Attorney General; for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural History**

On December 17, 2013, the Knox County Grand Jury issued a twenty-six-count presentment in Case No. 102855 charging multiple individuals with conspiracy to commit various offenses. Petitioner was charged in eighteen of the counts, fourteen of which charged Petitioner with drug offenses committed within a drug-free zone. *State v. Waynard Quartez Winbush*, No. E2018-02136-CCA-R3-CD, 2020 WL 1466307, at *1 (Tenn. Crim. App. Mar. 24, 2020), *perm. app. denied* (Tenn. Aug. 6, 2020).[1] Count 1 of the presentment alleged that Petitioner "did conspire . . . to possess with the intent to sell one hundred fifty (150) grams or more of a substance containing Heroin, a Schedule I controlled substance"

_____

[1] Although not cited or discussed by Petitioner, we take judicial notice of this court's opinion in the direct appeal.

and that "at least one overt act of conspiracy occurred within one thousand feet (1000') of the real property that comprises a school." Following a jury trial, Petitioner was convicted on ten counts, and the trial court imposed an effective sentence of twenty-three years. *Id.* In Count 1, Petitioner was sentenced as a Range I offender to twenty years with the first fifteen years to be served at 100% and the final five years to be served at 30%. The judgments of conviction were entered on September 15, 2016. In the direct appeal, this court reversed two counts "because the instructions given to the jury did not match the charges in the presentment." *Id*. The judgments in the other eight counts, including Count 1, were affirmed. *Id.*

### Petition for Issuance of Writ of Habeas Corpus

On August 27, 2020, Petitioner filed a pro se petition seeking the issuance of a writ of habeas corpus ("the Petition") in which he claimed that Tennessee Code Annotated section 39-17-417 was amended on July 15, 2020, and that the "subsequent change of the statutory law" violated Petitioner's constitutional rights under the equal protection, due process, and ex post facto clauses. Initially, we note that section 39-17-417 was not amended in 2020 as claimed by Petitioner. The amendment to which Petitioner referred was to Tennessee Code Annotated section 39-17-432(b)(1), and the amendment became effective September 1, 2020, four days after the Petition was filed, not on July 15, 2020, the date it was approved by the general assembly.

Conspiracy to sell a Schedule I controlled substance was at the time of the offense and still is today a Class B felony. *See* Tenn. Code Ann. § 39-17-417(b). Because the offense occurred within one thousand feet of the real property that comprised a school, the offense was punished as a Class A felony—one classification higher than it would have been if the offense had not occurred within a drug-free zone. *See* Tenn. Code Ann. § 39-17-432(b). In 2020, the legislature amended 39-17-432(b)(1). The amendment provided more discretion to the sentencing court and reduced the distance that triggers a one classification increase for certain drug offenses from one thousand feet to five hundred feet. Petitioner argued that this reduction in the distance that triggers a one classification increase resulted in Petitioner's "being denied the opportunity for parole, probation, or suspended sentence as other similarly situated convicts."

On October 2, 2020, the State filed a motion to dismiss the Petition for failure to state a colorable claim for habeas corpus relief. On November 2, 2020, the habeas corpus court issued an order finding the State's motion well-taken and summarily dismissed the Petition. From this order, Petitioner timely appealed.

## Analysis

On appeal, Petitioner claims that the habeas corpus court erred in summarily dismissing the Petition because "the subsequent change of statutory law has violated [his] constitutional rights" to equal protection and due process and violated the ex post facto clause. The State argues that the three constitutional claims are not cognizable in habeas corpus and that the habeas corpus court properly dismissed the petition. We agree with the State.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever ... may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101, *see also* Article I, section 15 of the Tennessee Constitution. Habeas corpus relief may only be granted when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. 326, 336-37 (Tenn. 1868)). In *State v. Ritchie*, 20 S.W.3d 624, 626 (Tenn. 2000), our supreme court clarified that the face of the judgment or the record of the proceedings upon which the judgment is rendered means the original trial record. *Id.* at 633.

"[T]he purpose of the habeas corpus petition is to contest void and not merely voidable judgments." *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). A petitioner bears the burden of establishing by a preponderance of the evidence that a judgment is void or that the confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Whether habeas corpus relief should be granted is a question of law, so our review is de novo with no presumption of correctness afforded the habeas corpus court's findings and conclusions. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007).

There is no requirement that habeas corpus courts afford the habeas corpus petitioner an evidentiary hearing when the facts alleged in the petition, even if true, would not serve as a basis for relief. *See Russell v. Willis*, 437 S.W.2d 529, 531 (Tenn. 1969); *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280, 282 (Tenn. 1964). A habeas corpus petition may be summarily dismissed when the petition "fails to demonstrate that the judgment is void." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004) (citing Tenn. Code Ann. § 29-21-109).

Petitioner does not claim that the trial court that sentenced him lacked jurisdiction, that the judgment of conviction for Count 1 is void, or that his sentence has expired. Petitioner's sole claim is that the amendment of Tennessee Code Annotated section 39-17-432(b)(1), that occurred years after the Petitioner was convicted, violated his constitutional

rights. In *Ritchie*, the Tennessee Supreme Court, rejected due process arguments as a ground for habeas corpus relief stating that "[u]nlike the federal writ of habeas corpus which reaches as far as allowed by the Constitution, the scope of the writ within Tennessee does not permit relief from convictions that are merely voidable for want of due process of law." *Ritchie*, 20 S.W.3d at 630. A claim of a violation of due process rights or equal protection rights "are not a cognizable claim for habeas corpus relief." *John A. Woodruff v. State,* No. M2009-00187-CCA-R3-HC, 2009 WL 2877619, at *2 (Tenn. Crim. App. Sept. 9, 2009); see also *Smith v. Hesson*, 63 S.W.3d 725, 728 (Tenn. Ct. App. 2001) (claims regarding violation of due process and equal protection do not state colorable claims for habeas corpus relief). "[C]onstitutional infirmities create voidable judgments not void judgments unless the face of the record establishes that the trial court did not have jurisdiction to convict or sentence the petitioner." *Wayford Demonbreun, Jr. v. State*, No. M2004-03037-CCA-R3-HC, 2005 WL 1541873, at *2 (Tenn. Crim. App., at Nashville, June 30, 2005), *perm. appeal denied* (Tenn. Oct. 31, 2005).

The ex post facto prohibition assures that the State cannot "retroactively alter the definition of crimes or increase the punishment for criminal acts." *Kaylor v. Bradley*, 912 S.W.2d 728, 732 (Tenn. Ct. App. 1995) (quoting *California Dep't of Corrs. v. Morales*, 514 U.S. 499, 504 (1995)). The amendment to Tennessee Code Annotated section 39-17-432(b)(1) did not *retroactively* alter the definition of any crime or increase the punishment for drug offenses occurring in drug-free zones.

## Conclusion

Defendant has failed to show that the court that sentenced him lacked jurisdiction, that the judgment of conviction for Count 1 is void, or that his sentence has expired. The Petition failed to state a colorable claim and we affirm the habeas corpus court's summary dismissal of the Petition.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

- 4 -