IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 11, 2022

## JONATHAN SCHELFE v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Wayne County**
**No. 16861      Christopher V. Sockwell, Judge**

_____

### No. M2021-00501-CCA-R3-HC

_____

In 2013, the Petitioner, Jonathan Schelfe, pleaded guilty to ten counts of rape of a child, eight counts of aggravated sexual battery, four counts of rape, two counts of solicitation of a minor, and one count of sexual exploitation of a minor. The trial court imposed an effective sentence of forty years of incarceration. The Petitioner filed a motion to correct an illegal sentence with regard to four of his convictions, which the trial court denied. This court affirmed the denial. *State v. Jonathan Schelfe*, No. M2018-01604-CCA-R3-CD, 2019 WL 4071981, at *1 (Tenn. Crim. App., at Nashville, Aug. 29, 2019), *no perm. app. filed*. Thereafter, the Petitioner filed a petition for writ of *habeas corpus*, alleging a violation of his constitutional rights, and the habeas court entered an order summarily dismissing the petition. We affirm the habeas court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which ROBERT L. HOLLOWAY, JR. and JOHN W. CAMPBELL, SR., JJ., joined.

Jonathan Schelfe, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Brent A. Cooper, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Facts and Procedural History

This court summarized the facts and procedural history of this case in its 2019 opinion as follows:

In September 2012, the Petitioner was charged in a 42-count indictment of rape of a child, aggravated sexual battery, rape, solicitation of a minor under 13 years of age to observe sexual conduct, and solicitation of a minor to observe sexual conduct in case numbers 681-2012 and 659-2012. On May 23, 2013, the Petitioner entered a guilty plea and received an effective sentence of forty years, to be served at 100%.

Significantly, at the Petitioner's May 23, 2013 guilty plea hearing, the State advised the trial court as follows:

> [The Petitioner] will be pleading guilty to Counts 1, 4, 5, and 8, rape of a child. Your Honor, these counts occurred sometime between 2007 and 2009. There was a change in the statutory scheme on the sentencing for rape of a child July 1st, 2007. Accordingly, I believe, the [Petitioner] has the right to select which sentencing scheme he wants to be sentenced under. . . . We have agreed that he will be sentenced under the sentencing scheme prior to July 1st, 2007. In that situation, rape of a child carried 15 to 25 years at 100 percent.

The State then provided the following factual basis in support of the Petitioner's guilty pleas to rape of a child in counts 1, 4, 5, and 8:

> From the time that [the victim] was about seven years old, beginning in 2007, sometime in 2007, the initial encounter involved her walking in, seeing her father, the [Petitioner], watching pornography. He encouraged her to continue to stay there and watch the pornography with him.

> Within a relatively short period of time, he began to molest her. He would do so on a regular basis. At least weekly or every other week he would touch her on her vaginal area, he would have her touch his penis, he would digitally penetrate her, and he would perform oral sex on her.

*Schelfe*, 2019 WL 4071981, at *1.[1]

In 2018, the Petitioner filed a motion for correction of an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. He contended, in effect, relative to five of his convictions for rape of a child, that he was sentenced pursuant to an

---

[1] Based on this summary in our opinion, we discern that the Petitioner was sentenced pursuant to a plea agreement. The plea agreement is not included in the record.

incorrect sentencing scheme resulting in an illegal sentence. The trial court dismissed the motion for failure to state a colorable claim. *Id*. On appeal, this court stated:

> Here, the Petitioner appears to be laboring under the mistaken belief that his convictions for rape of a child in counts 1, 4, 5, and 8 are void or illegal because he was sentenced under a law that was repealed. He is not entitled to relief on multiple grounds. It should be noted at the outset that the guilty plea colloquy as well as the judgment forms provide the date for these counts of conviction as between January 1, 2007, and December 31, 2009. As the trial court explained, the mandatory minimum sentence for rape of a child, a Class A felony, that was in effect prior to July 1, 2007, was not less than fifteen nor more than twenty-five years. After July 1, 2007, the mandatory minimum sentence for rape of a child became twenty-five years. "When a penal statute or penal legislative act of the state is repealed or amended by a subsequent legislative act, the offense, as defined by the statute or act being repealed or amended, committed while the statute or act was in full force and effect shall be prosecuted under the act or statute in effect at the time of the commission of the offense."

*Id.* at *3 (citation omitted). This court agreed that the Petitioner had failed to state a colorable claim in his motion and affirmed the trial court's dismissal. *Id.*

In 2020, the Petitioner filed a petition for writ of *habeas corpus* claiming that a "no contact" provision of his plea agreement violated his constitutional "right to marital association."[2] He also reasserted his prior argument that his sentence was illegal because it was imposed pursuant to an outdated sentencing scheme. The habeas court filed an order on April 9, 2021, dismissing the petition. It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, we discern the Petitioner's issues to be as follows: (1) that his plea agreement was in violation of his constitutional rights; and (2) that the habeas court's summary dismissal of his petition for a writ of *habeas corpus* violated his constitutional rights. The State responds that none of the Petitioner's claims result in a void judgment and therefore, the habeas court properly summarily dismissed his petition. We agree with the State.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek *habeas corpus* relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute.

---

[2] We reiterate that the plea agreement is not included in the record.

T.C.A. §§ 29-21-101, -130 (2014). The determination of whether *habeas corpus* relief should be granted is a question of law and is accordingly given de novo review with no presumption of correctness given to the findings and conclusions of the court below. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006) (citation omitted); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a *habeas corpus* petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999).

It is the Petitioner's burden to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a *habeas corpus* petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment or sentence is "one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83 (citations omitted); *see State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000). The petitioner bears the burden of showing, by a preponderance of the evidence, that the conviction is void or that the prison term has expired. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

If the habeas court determines from a petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of *habeas corpus* may be summarily dismissed. *See Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). Further, the habeas court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), *superseded by statute as stated in State v. Steven S. Newman*, No. 02C01-9707-CC00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

The habeas court found that there was no basis for the writ of *habeas corpus* because the Petitioner's judgments were not void. We agree and conclude that the Petitioner has not met his burden of establishing that his judgments are void or that his sentences have expired. After concluding that the Petitioner had not stated any cognizable claim for relief, the habeas court properly dismissed the petition without a hearing. *See Hickman*, 153 S.W.3d at 20.

We also conclude, as did the habeas court, that none of the Petitioner's claims that

4

his constitutional rights have been violated are cognizable for habeas corpus relief. "Unlike the federal writ of *habeas corpus* which reaches as far as allowed by the Constitution, the scope of the writ within Tennessee does not permit relief from convictions that are merely voidable for want of due process of law." *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000). Therefore, a claim of a violation of due process rights or equal protection rights is "not a cognizable claim for *habeas corpus* relief." *John A. Woodruff v. State*, No. M2009-00187-CCA-R3-HC, 2009 WL 2877619, at *2 (Tenn. Crim. App. Sept. 9, 2009), *no perm. app. filed*; *see also Smith v. Hesson*, 63 S.W.3d 725, 728 (Tenn. Ct. App. 2001) (claims regarding violation of due process and equal protection do not state colorable claims for *habeas corpus* relief). "[C]onstitutional infirmities create voidable judgments not void judgments unless the face of the record establishes that the trial court did not have jurisdiction to convict or sentence the petitioner." *Wayford Demonbreun, Jr. v. State*, No. M2004-03037-CCA-R3-HC, 2005 WL 1541873, at *2 (Tenn. Crim. App., at Nashville, June 30, 2005), *perm. appeal denied* (Tenn. Oct. 31, 2005). Accordingly, we conclude that the habeas court properly dismissed the petition. The Petitioner is not entitled to *habeas corpus* relief.

### III. Conclusion

After a thorough review of the record and the applicable law, we affirm the habeas court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE