IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs at Jackson October 1, 2024

## JONATHAN W. STEPHENSON v. ZACHARY POUNDS, WARDEN

**Appeal from the Criminal Court for Davidson County**
No. 5848      Cynthia Chappell, Judge
_____

### No. M2024-00417-CCA-R3-HC
_____

Petitioner, Jonathan W. Stephenson, appeals from the Davidson County Criminal Court's order summarily dismissing his fifth petition for writ of habeas corpus. On appeal, Petitioner challenges his convictions for first degree murder and conspiracy to commit first degree murder, and the legality of his death plus sixty-years effective sentence. After review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

MATTHEW J. WILSON, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TIMOTHY L. EASTER, JJ., joined.

Jonathan W. Stephenson, Nashville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Edwin Groves, Assistant Attorney General; and Glenn Funk, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Background

In 1990, a Cocke County jury convicted Petitioner of first degree murder and conspiracy to commit first degree murder. *See State v. Stephenson*, 878 S.W.2d 530, 535-37 (Tenn. 1994), *abrogated on other grounds by State v. Saylor*, 117 S.W.3d 239 (Tenn. 2003). Since then, Petitioner has challenged his convictions through repeated filings of habeas corpus and post-conviction petitions. *See Stephenson v. State*, No. M2013-00720-CCA-R3-HC, 2013 WL 6705997 (Tenn. Crim. App. Dec. 19, 2013) ("*Stephenson Habeas IV*"), *no perm. app. filed*; *Stephenson v. Bell*, No. M2011-01562-CCA-R3-HC, 2012 WL

2356586 (Tenn. Crim. App. June 20, 2012) ("*Stephenson Habeas III*"),[1] *perm. app. denied* (Tenn. Nov. 28, 2012); *Stephenson v. Carlton*; 28 S.W.3d 910 (Tenn. 2000) ("*Stephenson Habeas I*"); *Stephenson v. State*, No. E2012-01339-CCA-R3-PD, 2014 WL 108137 (Tenn. Crim. App. Jan. 13, 2014), *perm. app. denied* (Tenn. Sept. 19, 2014).

Now, Petitioner appeals the dismissal of his fifth habeas corpus petition, alleging that "issues presented" in this petition "are new."

A thorough summary of the factual and procedural history was provided by this court in Petitioner's fourth petition for habeas corpus relief:

> The proof at trial tended to show that, after unsuccessfully soliciting two individuals to kill his wife, Lisa Stephenson, the mother of his four-year-old and eight-month-old children, [Petitioner] arranged for Ralph Thompson to shoot her with a rifle. *State v. Stephenson*, 878 S.W.2d 530, 535-37 (Tenn. 1994), *abrogated on other grounds by State v. Saylor*, 117 S.W.3d 239 (Tenn. 2003).
>
> The jury convicted [Petitioner] of both first degree murder and conspiracy to commit first degree murder. *Id.* at 537. At the sentencing proceedings, the jury imposed the death penalty for the first degree murder conviction, and the trial court sentenced him to serve a consecutive twenty-five years for the conspiracy to commit first degree murder. *Id.* at 534[.] On appeal, his convictions were affirmed. *Id.* at 557. The case, however, was remanded for resentencing. *Id.* at 556-57. [Petitioner's] death sentence was reversed because the jury had not been instructed that it must find the aggravating factors outweighed the mitigating factors beyond a reasonable doubt. *Id.* at 553-56. The case was also remanded for resentencing on the conviction for conspiracy to commit first degree murder, "to allow the trial court judge an opportunity to make explicit findings on the record with regard to how the sentencing principles of the 1989 Act relate to the facts in this case." *Id.* at 556-57.
>
> On remand, [Petitioner] was able to come to an agreement with the prosecution in which he received a sentence of life without parole for the first degree murder conviction and a consecutive sentence of sixty years for the conspiracy to commit first degree murder conviction. [*Stephenson Habeas*

---

[1] Petitioner filed his second habeas corpus petition in 2004 ("*Stephenson Habeas II*"), which he voluntarily withdrew. The habeas corpus court subsequently dismissed Petitioner's second petition and he filed no appeal. *Stephenson Habeas III*, 2012 WL 2356586, at *2.

*I*, 28 S.W.3d at 911; *Stephenson Habeas III*, 2012 WL 2356586, at *1]. As part of the agreement, [Petitioner] also entered guilty pleas to the two offenses for which he stood convicted by a jury. [*Stephenson Habeas III*, 2012 WL 2356586, at *1]. The obvious benefit to [Petitioner] was that he no longer ran the risk that a jury would sentence him to death. Snatching defeat from the jaws of victory, however, [Petitioner], in 1998 (four years after the plea agreement), filed a successful petition for the writ of habeas corpus, challenging his sentence of life without parole for the murder conviction.[2] [*Stephenson Habeas I*, 28 S.W.3d at 911]. The Tennessee Supreme Court, reversing the judgment of the Court of Criminal Appeals and trial court, concluded that the only statutorily authorized punishments for first degree murder at the time of [Petitioner's] crime were life imprisonment with the possibility of parole or, alternatively, death. *Id.* at 912. While the Court held that the life without parole sentence was illegal and void, it noted that its ruling did not affect the sixty-year sentence for the conspiracy to commit first degree murder conviction. *Id.* at 911, 912 n.3. The Court explicitly determined that the conspiracy conviction had been remanded for resentencing on direct appeal and that "the sentence imposed for the conspiracy was not void or illegal." *Id.* at 912 n.3.

A jury once again sentenced [Petitioner] to death. *State v. Stephenson*, 195 S.W.3d 574, 582 (Tenn. 2006). The judgment indicated that the sixty-year sentence for the conspiracy to commit first degree murder was to run consecutively to the death sentence. *Id.* at 585, n.4. This time, the death penalty was upheld on appeal. *Id.* at 596.

*Stephenson Habeas IV*, 2013 WL 6705997, at *1-2.

In one appeal of his death sentence, Petitioner sought to invalidate his sixty-year sentence for conspiracy to commit murder, arguing that his conspiracy and first degree murder sentences were intertwined and the "nullification of the sentence of life without parole necessarily negated the agreement regarding the conspiracy sentence." *Stephenson*, 195 S.W.3d at 596, n.16. In response, our supreme court held that that issue was waived because Petitioner failed to file a petition to rehear in *Stephenson Habeas I*, in which the court reached the opposite conclusion. *Id.*; *see also Stephenson Habeas I*, 28 S.W.3d at 912, n.3 (concluding that the granting of habeas corpus relief for Petitioner's illegal life

---

[2] [Petitioner] had also prior to that time filed a petition for post-conviction relief, which he voluntarily dismissed. *Stephenson v. Carlton*, No. 03C01–9807–CR–00255, 1999 WL 318835, at *1 (Tenn. Crim. App. May 19, 1999).

- 3 -

without parole sentence for first degree murder "does not affect [Petitioner's] separate conviction and 60-year sentence for the offense of conspiracy to commit first-degree murder.").

## II.  Current Petition

On November 9, 2023, Petitioner filed the petition for habeas corpus relief that is the subject of this appeal.  In the petition, he alleged that (1) his first degree murder conviction and death sentence were void because the trial court lacked jurisdiction to resentence him after a limited appellate remand; (2) his conviction and sentence for conspiracy to commit first degree murder were void because the State violated a plea agreement; and (3) the judgments of the Cocke County Circuit Court following his resentencing were void because they violate the constitutional principles of equal protection, due process, and double jeopardy.

On February 7, 2024, the State moved to dismiss Petitioner's current habeas corpus petition, arguing that the petition failed to meet the pleading requirements of Tennessee Code Annotated section 29-21-107(b)(4).  The State further argued that Petitioner's claims had been previously determined and were without merit.

On February 27, 2024, the habeas corpus court entered a written order summarily dismissing Petitioner's application for habeas corpus relief without a hearing.  Petitioner's timely appeal followed.

## III.  Analysis

"Whether habeas corpus relief should be granted is a question of law.  Thus, we apply de novo review and afford no presumption of correctness to the findings and conclusions of the courts below." *Edwards v. State*, 269 S.W.3d 915, 919 (Tenn. 2008). The petitioner bears "the burden" of showing "by a preponderance of the evidence that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Pursuant to Article I, section 15 of the Tennessee Constitution, "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it."  Tenn. Const. art I, § 15. While writs of habeas corpus are "guaranteed constitutionally," they are "regulated statutorily." *Stephenson Habeas IV*, 2013 WL 6705997, at *3.  In general, there are "very narrow" grounds upon which habeas corpus relief will be granted in Tennessee.  *Id.* (quoting *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999)).

Habeas corpus relief is available "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. 326, 336-37 (1868)). A habeas corpus petition will only provide relief when the "judgment challenged is void and not merely voidable." *Stephenson Habeas IV*, 2013 WL 6705997, at \*3; *see also Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). "A voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity," but "[a] void judgment is one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers*, 212 S.W.3d at 256 (citations omitted). To determine whether a judgment is void, the inquiry "is always one of jurisdiction, that is, whether the order, judgment or process under attack comes within the lawful authority of the court or judge rendering or issuing it." *Edwards*, 269 S.W.3d at 920 (quoting *State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979), *overruled on other grounds by Archer*, 851 S.W.2d at 162-64). A void sentence is void upon entry, and "[t]he illegality does not 'spring into being' at some future point in time." *Hoover v. State*, 215 S.W.3d 776, 779 (Tenn. 2007); *see Smith v. Lewis*, 202 S.W.3D 124, 128 (Tenn. 2006).

Statute regulates "the form which the petition shall take." *Stephenson Habeas IV*, 2013 WL 6705997 at \*4; *see* Tenn. Code Ann. § 29-21-107. The statute requires that a petition must state "[t]hat it is [the] first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do." *Id.* at § 29-21-107(b)(4). These statutory procedural "requirements 'are mandatory and must be followed scrupulously.'" *Summers*, 212 S.W.3d at 259 (quoting *Archer*, 851 S.W.2d at 165). "A trial court properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Id.* at 260. A dismissal is warranted "unless it is shown from *evidence heard* that the claimant is illegally restrained and entitled to *sua sponte* relief." *Cox v. State*, 53 S.W.3d 287, 293 (Tenn. Crim. App. 2001), *overruled on other grounds by Moody v. State*, 160 S.W.3d 512, 515-16 (Tenn. 2005).

Here, the State correctly asserts that Petitioner's habeas corpus petition was properly dismissed for failure to comply with the procedural mandates of Code section 29-21-107(b)(4), in that Petitioner did not provide copies of any of his four previous petitions. Although the present petition includes information about his previous habeas corpus petitions, those petitions were not attached to the present petition and were not included in the appellate record. Petitioner provides no reason for his failure to include them.

Accordingly, we conclude that the habeas corpus court did not err by summarily dismissing the petition due to Petitioner's failure to comply with the statutory procedural requirements. Additionally, we note that while the State's appellate brief put Petitioner on notice by its assertion that Petitioner failed to follow the mandates of section 29-21-107(b)(4), Petitioner chose not to respond to this issue in his reply brief or any other pleading. Consequently, Petitioner's failure to comply with the statute defeats his claims.

Although we have determined that Petitioner is not entitled to relief, we nonetheless address Petitioner's equal protection, due process, and double jeopardy claims. In prior opinions, we denied Petitioner relief on the issues of double jeopardy and due process. *Stephenson Habeas IV*, 2013 WL 6705997, at *5; *Stephenson*, 2014 WL 108137, at *23. As such, Petitioner may not relitigate those issues here. *See Long v. State*, 510 S.W.2d 83, 87 (Tenn. Crim. App. 1974) ("It is fundamental that habeas corpus . . . proceedings may not be employed to raise and relitigate or review questions decided and disposed of in a direct appeal."); *Thomas v. State*, No. M2018-01153-CCA-R3-HC, 2019 WL 3385196, at *6 (Tenn. Crim. App. July 26, 2019) ("Because the facts presented in the first two habeas corpus petitions and the present petition were the same and because the Petitioner's issues were necessarily decided in those appeals, we conclude that his issues were previously determined.") *no perm. app. filed*. Regardless, we note that claims of equal protection, due process, and double jeopardy "are not cognizable claims for habeas corpus relief" as they would render Petitioner's judgment voidable, not void. *Mosley v. Brandon*, No. M2006-02398-CCA-R3-HC, 2007 WL 1774309, at *5 (Tenn. Crim. App. June 20, 2007) (first citing *Smith v. Hesson*, 63 S.W.3d 725, 728 (Tenn. Ct. App. 2001) (alleged violations of due process and equal protection are not cognizable claims for habeas corpus relief)); then citing *Claypole v. State*, No. M1999-02591-CCA-R3-PC, 2001 WL 523367, at *2 (Tenn. Crim. App., May 16, 2001) (alleged double jeopardy violations are not cognizable claims in a habeas corpus proceeding)), *perm. app. denied* (Tenn. Sept. 17, 2007). Accordingly, Petitioner's equal protection, due process, and double jeopardy claims are not cognizable claims for relief.

## IV. Conclusion

In light of the foregoing reasoning and authorities, we affirm the habeas corpus court's dismissal of Petitioner's fifth petition for habeas corpus relief.

_____
MATTHEW J. WILSON, JUDGE

- 6 -