IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 27, 2022

**ASATA D. LOWE v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Morgan County**
**No. 2022-CR-9      Jeffery H. Wicks, Judge**
_____

**No. E2022-00285-CCA-R3-HC**
_____

The Petitioner, Asata D. Lowe, appeals the Morgan County Circuit Court's summary dismissal of his pro se petition seeking habeas corpus relief from his convictions for two counts of first degree premeditated murder and one count of especially aggravated robbery, for which he received an effective sentence of life imprisonment without the possibility of parole plus twenty-five years. On appeal, the Petitioner argues he is entitled to habeas corpus relief because he was deprived of his right to be present at his initial appearance, deprived of his right to counsel at his initial appearance, and deprived of his right to present a defense at his initial appearance. He additionally contends that the habeas corpus court denied his right of access to the courts when it summarily dismissed his habeas corpus petition before ruling on two of his pending motions. After review, we affirm the judgment summarily dismissing the petition for writ of habeas corpus.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and TOM GREENHOLTZ, JJ., joined.

Asata D. Lowe, Wartburg, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Russell Johnson, District Attorney General; Mike Flynn, Edward Bailey, and Kirk Andrews, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

In case numbers 11329 and 11330, the Petitioner received concurrent sentences of life imprisonment without parole for the murder convictions and a consecutive twenty-five-year sentence for the especially aggravated robbery conviction. See State v. Asata Lowe,

No. E2000-01591-CCA-R3-CD, 2002 WL 31051631, at *1 (Tenn. Crim. App. Feb. 3, 2003), perm. app. denied (Tenn. Mar. 10, 2003). The Petitioner appealed, and this court denied relief. Id.

The Petitioner then sought post-conviction relief, arguing in part that he had received ineffective assistance of counsel. See Asata Lowe v. State, No. E2006-02028-CCA-R3-PC, 2008 WL 631169, at *1 (Tenn. Crim. App. Mar. 10, 2008), perm. app. denied (Tenn. Aug. 25, 2008). The post-conviction court denied relief, and this court affirmed the post-conviction court's judgment. Id.

Next, the Petitioner filed his first petition for habeas corpus relief, which was denied. The Petitioner appealed, and this court dismissed the appeal because the Petitioner failed to file an appellate brief. See Asata D. Lowe v. State, No. M2008-01291-CCA-R3-HC (Tenn. Crim. App. Dec. 9, 2008) (order).

The Petitioner subsequently filed his second petition for habeas corpus relief, alleging in part that his judgments were void because of the ineffective assistance of counsel and other alleged trial errors, and the habeas corpus court summarily dismissed this petition. See Asata D. Lowe v. State, No. M2009-00444-CCA-R3-HC, 2010 WL 143781, at *1 (Tenn. Crim. App. Jan. 13, 2010). On appeal, this court affirmed the judgment of the habeas corpus court because the Petitioner failed to state a cognizable claim for relief. Id. at *1-2.

Afterward, the Petitioner unsuccessfully sought to reopen his post-conviction case, arguing that he should be allowed to reopen his post-conviction proceedings because his federal and state constitutional rights were violated as a result of post-conviction counsel's failure to present all available grounds for relief. See Asata D. Lowe v. State, No. E2011-01640-CCA-R28-PC (Tenn. Crim. App. Sept. 16, 2011) (order), perm. app. denied (Tenn. Nov. 17, 2011).

The Petitioner then filed his third habeas corpus petition, alleging in pertinent part that his judgments were void because several constitutional errors deprived the trial court of the authority to try him and sentence him. See Asata D. Lowe v. James Fortner, Warden, No. E2011-00048-CCA-R3-HC, 2012 WL 1080274, at *1 (Tenn. Crim. App. Mar. 30, 2012), perm. app. denied (Tenn. Aug. 16, 2012). Following a hearing, the habeas corpus court dismissed the petition, and this court affirmed, holding that the Petitioner had failed to state a cognizable claim for relief and that several of the Petitioner's claims had been previously decided in earlier proceedings. Id. at *3-4.

Thereafter, the Petitioner filed his fourth habeas corpus petition, alleging in part that the State unlawfully detained him for the purpose of collecting evidence, that the State

- 2 -

illegally issued a warrant against him without the aid of counsel to help prepare a defense, and that his "indictments, convictions, judgments, and sentences" were void for interfering with his rights and privileges. See Asata Dia Lowe v. Shawn Phillips, Warden, No. E2017-01109-CCA-R3-HC, 2018 WL 706769, at *1 (Tenn. Crim. App. Feb. 5, 2018). The habeas corpus court summarily dismissed the petition, and this court affirmed, concluding that the Petitioner had failed to state a cognizable claim for habeas corpus relief. Id. at *2-3.

Still later, the Petitioner, under a slightly different name, filed his fifth petition for a writ of habeas corpus as well as a petition for a writ of error coram nobis, which were summarily dismissed by the Morgan County Circuit Court, and the Petitioner appealed. See Asata Dia Lowe-El v. State, No. E2020-01335-CCA-R3-HC, 2022 WL 152021, at *1 (Tenn. Crim. App. Jan. 18, 2022). Regarding his habeas corpus petition, the Petitioner argued, in part, that his constitutional rights were violated because he was not advised on his right to counsel during his initial appearance before a magistrate, that he did not knowingly waive his right to counsel at the initial appearance, that he was not present during the initial appearance, that he did not waive his presence at the initial appearance, and that he did not waive his right to cross-examine and to subpoena witnesses. Id. at *2. This court dismissed the portion of the appeal related to the habeas corpus petition because the Petitioner's notice of appeal was untimely. In his error coram nobis petition, the Petitioner challenged the lower court's determination that a petition for a writ of error coram nobis was not the proper procedural mechanism to collaterally attack the summary dismissal of his habeas corpus petition. Id. at *3. This court affirmed the judgment of the coram nobis court, holding that because the Petitioner filed the coram nobis petition in an effort to litigate habeas corpus allegations, not newly discovered evidence, the coram nobis court did not abuse its discretion in summarily dismissing the writ of error coram nobis. Id.

On January 26, 2022, the Petitioner filed the instant "Habeas Petition," his sixth petition for habeas corpus relief, in the Morgan County Criminal Court, alleging that his judgments in case numbers 11329 and 11330 were imposed in "direct contravention" of Tennessee Rules of Criminal Procedure 5 and 43 and Code sections 40-14-101 et. seq.; that his judgments were imposed in "direct convention" of Tennessee Rule of Criminal Procedure 44 and Code sections 40-14-102 et. seq. and 40-14-202 et. seq.; and that his judgments were imposed in "direct contravention" of Code section 40-17-105.

In this petition, the Petitioner asserted that because he did "not have the funds to pay for the evidence/transcripts that [we]re needed to prove the claims stated herein," he had attached his "Motion to Obtain Free Transcripts." Although the Petitioner asserted that "[t]he legality of the restraint ha[d] not already been adjudged upon [in] a prior proceeding of the same character, to the best of [his] knowledge and belief" and that this was the "first petition" making these specific challenges, he acknowledged that he had "filed other

petitions" but claimed that due to cell searches by staff, and frequent moves by Petitioner within the prison system, these other petitions had been "lost" and were "unavailable to attach to this petition." In his "Motion to Obtain Free Transcripts," the Petitioner requested a transcript of his October 19, 1998 initial appearance hearing, his warrants, affidavit of complaint, and any other files and documents were presented at his initial appearance hearing, any audio-visual files of his initial appearance hearing, and any and all other files related to his initial appearance hearing. Shortly thereafter, the Petitioner filed a Motion for Declaration of Indigency, wherein he asked the court to rule on his indigency status as well as his pending Motion to Obtain Free Transcripts.

On February 18, 2022, the State filed a motion to dismiss the habeas corpus petition, arguing that the Petitioner's claims regarding the right to counsel and the right to confrontation were not colorable claims for habeas corpus relief and that the petition failed to satisfy the procedural requirements. On February 25, 2022, the habeas corpus court granted the State's motion and summarily dismissed the petition based on the Petitioner's failure to state a cognizable claim for relief, failure to show that his judgments were void, and failure to comply with the mandatory procedural requirements for filing a petition. Thereafter, the Petitioner filed a timely notice of appeal.

## ANALYSIS

As an initial matter, we recognize that the Petitioner filed renewed motions to supplement the record in this case, which are still pending. Because the renewed motions are substantively the same as the Petitioner's previous motions to supplement the record, which were properly denied by this court, we likewise deny the Petitioner's renewed motions before addressing the Petitioner's issues on their merits.

On appeal, the Petitioner contends that he is entitled to habeas corpus relief because he was deprived of his right to be present at his initial appearance, deprived of his right to counsel at his initial appearance, and deprived of his right to present a defense at his initial appearance. He additionally contends that the habeas corpus court denied his right of access to the courts when it summarily dismissed his habeas corpus petition before ruling on his Motion for Declaration of Indigency and his Motion to Obtain Free Transcripts. In response, the State asserts that none of the Petitioner's issues are cognizable habeas corpus claims and that the Petitioner failed to comply with the statutory procedural requirements. We agree with the State and conclude that the Petitioner is not entitled to relief.

"The determination of whether habeas corpus relief should be granted is a question of law." Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo with no presumption

- 4 -

of correctness given to the findings and conclusions of the lower court. Id. (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under article I, section 15 of the Tennessee Constitution. Tenn. Const. Art. I, § 15; see Tenn. Code Ann. §§ 29-21-101 to -130. The grounds upon which habeas corpus relief will be granted, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). It is well-established that "'a petition for writ of habeas corpus may not be used to review or correct errors of law or fact committed by a court in the exercise of its jurisdiction.'" Edwards v. State, 269 S.W.3d 915, 920 (Tenn. 2008) (quoting State ex rel. Holbrook v. Bomar, 364 S.W.2d 887, 888 (Tenn. 1963)). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 336-37 (1868)).

A habeas corpus petition challenges void and not merely voidable judgments. Summers, 212 S.W.3d at 255-56 (citing Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). However, a voidable judgment "is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers, 212 S.W.3d at 256 (citing Dykes, 978 S.W.2d at 529). Thus, "[i]n all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000). It is the petitioner's burden to demonstrate by a preponderance of the evidence that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). The habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if it is clear from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief. Summers, 212 S.W.3d at 261-62; Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004).

Additionally, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Summers, 212 S.W.3d at 259; Hickman, 153 S.W.3d at 21. In particular, Tennessee Code Annotated section 29-21-107(b)(4) requires that a petitioner include copies of all previously filed petitions for writ of habeas corpus. "A trial court properly may choose to summarily dismiss a petition for failing to comply with the

statutory procedural requirements." Summers, 212 S.W.3d at 260; see Hickman, 153 S.W.3d at 21.

In this case, the Petitioner failed to satisfy the procedural requirement in Code section 29-21-107(b)(4) because he failed to attach to his petition copies of all previous petitions for habeas corpus relief as well as the proceedings thereon and failed to provide a satisfactory reason for his failure to do so. We note that the habeas corpus court summarily dismissed this petition in part because the Petitioner "failed to comply with the mandatory requirements for filing a petition." We also recognize that this is the Petitioner's sixth habeas corpus petition, and although he appears to have complied with the statutory guidelines in his previous petitions, he failed to comply with these requirements in the instant petition. While the Petitioner asserted in the instant petition that his previous habeas corpus petitions had been "lost" and, therefore, were "unavailable to attach to this petition," such explanations are insufficient to excuse his noncompliance with the statutory requirements. See Arzolia Charles Goines v. State, No. E2004-03018-CCA-R3-HC, 2005 WL 1798635, at *1 (Tenn. Crim. App. July 29, 2005) (noting that the petitioner's assertion that he did not attach his prior petitions because his "legal papers" were "lost" in the prison law library was insufficient to excuse his failure to comply with Code section 29-21-107(b)(4)). Because the Petitioner failed to attach copies of all previous petitions, the habeas corpus court could have dismissed his petition on this ground alone. See Tenn. Code Ann. § 29-21-107(b)(4); Summers, 212 S.W.3d at 260. In any case, we conclude that the summary dismissal of this petition was proper because the Petitioner failed to state a cognizable claim for habeas corpus relief.

First, the Petitioner argues that he is entitled to habeas corpus relief because his judgments were "imposed in direct contravention" of Tennessee Rules of Criminal Procedure 5 and 43. See Tenn. Crim. App. 5(a) (stating that "[a]ny person arrested— except upon a capias pursuant to an indictment or presentment—shall be taken without unnecessary delay before the nearest appropriate magistrate . . ."); Tenn. Crim. App. R. 43(a) (stating that "[u]nless excused by the court on defendant's motion or as otherwise provided by this rule, the defendant shall be present at . . . the arraignment; every stage of the trial, including the impaneling of the jury and the return of the verdict; and the imposition of sentence"). Specifically, the Petitioner claims he was denied the right to right to be present at his "Initial Appearance Hearing," which violated due process and rendered "the proceeding void." He claims that at this hearing, evidence was presented showing that a crime had been committed and that the Petitioner probably committed it, and the purpose of this hearing was to determine whether the Petitioner would "be further detained or would be allowed to exercise his Freedom from Bodily Restraint and Punishment." The Petitioner asserts that he was not informed of the hearing date for his "Initial Appearance Hearing" and that he never filed a motion requesting that his presence

be excused by the court. However, the Petitioner concedes that he "has not found any case law on the subject of an accused not being present during the Initial Appearance Hearing."

We conclude that the Petitioner has failed to show that the convicting court was without jurisdiction or authority to sentence him or that his sentence or other restraint has expired based on the Petitioner's alleged failure to appear at his initial appearance hearing before the magistrate. We note that "[t]he burden rests with [the Petitioner] to prove that his allegations are true[,]" and that "[t]he State bears no burden of showing that the record of the proceedings upon which the judgment was rendered reveals that [the Petitioner's] factual assertions are false." Summers, 212 S.W.3d at 262. Even more significantly, the Petitioner's claim regarding the denial of his right to be present at his "Initial Appearance Hearing," even if true, would at most render his judgments voidable, not void; accordingly, this allegation does not give rise to a cognizable claim for habeas corpus relief. See Archer, 851 S.W.2d at 164.

Second, the Petitioner contends that he is entitled to habeas corpus relief because his judgments were imposed "in direct contravention" of Tennessee Rule of Criminal Procedure 44 and Code section 40-14-202. See Tenn. R. Crim. P. 44(a) ("Every indigent defendant is entitled to have assigned counsel in all matters necessary to the defense and at every stage of the proceedings, unless the defendant waives counsel."); Tenn. Code Ann. § 40-14-202(a) ("In all felony cases, if the accused is not represented by counsel and the court determines . . . that the accused is an indigent person who has not competently waived the right to counsel, the court shall appoint to represent the accused either the public defender . . . , or, in the absence of a public defender, a competent attorney licensed in this state."). In particular, the Petitioner claims he was deprived of his right to counsel at his "Initial Appearance Hearing," which violated Rule 44 and Code section 40-14-202(a) and rendered his judgments void. Although the Petitioner acknowledges that the right to counsel can be waived, he claims that he never waived his right to counsel at this hearing and that there is no written waiver in the record. As to this issue, we reiterate that the denial of a petitioner's right to counsel is not a cognizable claim for habeas corpus relief. See Watson v. State, No. M2011-01726-CA-R3-HC, 2012 WL 1417313, at *1 (Tenn. Crim. App. July 12, 2012) ("The violation of a petitioner's right to counsel is not a cognizable claim for habeas corpus relief in Tennessee."); Mohamed F. Ali v. State, No. 03C01-9704-CR-00163, 1998 WL 309201, at *2 (Tenn. Crim. App. June 12, 1998) (noting that "any infringement of appellant's right to counsel was not cognizable by habeas corpus" and concluding that summary dismissal was proper where petitioner argued he was allegedly denied counsel during post-trial hearings). Therefore, the Petitioner's claim, even if true, would render his judgments voidable and not void, and this allegation does not give rise to a cognizable claim for habeas corpus relief. See Archer, 851 S.W.2d at 164.

Third, the Petitioner asserts that he is entitled to habeas corpus relief because it "affirmatively appears" on "the face of [his] Blount County Court judgments and/or the record of the underlying proceedings" that he was denied his right to present a defense in violation of due process under the Fourteenth Amendment. He claims "the record of the underlying proceedings" shows that he was not allowed "to testify in his own behalf" and was "not provided the opportunity to cross[-]examine or obtain [any] favorable . . . witnesses" during the "Initial Appearance Hearing." We recognize that due process claims, including the right to present a defense, are properly raised in a post-conviction petition, not a habeas corpus petition. See Ritchie, 20 S.W.3d at 630 ("Unlike the federal writ of habeas corpus which reaches as far as allowed by the Constitution, the scope of the writ within Tennessee does not permit relief from convictions that are merely voidable for want of due process of law."); Smith v. Hesson, 63 S.W.3d 725, 728 (Tenn. Ct. App. 2001) (concluding that a claim regarding a violation of due process is not properly brought in a habeas corpus petition); see also Fredrick B. Zonge v. State, No. 03C01-9903-CR-00094, 1999 WL 1191542, at *1 (Tenn. Crim. App. Dec. 16, 1999) ("Alleged violations of constitutional rights are addressed in post-conviction, not habeas corpus, proceedings."). Here, the Petitioner sought post-conviction relief on other grounds, and this court affirmed the denial of relief on appeal. See Tenn. Code Ann. § 40-30-102(c) (The Post-Conviction Procedure Act "contemplates the filing of only one (1) petition for post-conviction relief. In no event, may more than one (1) petition for post-conviction relief be filed attacking a single judgment."). Furthermore, the Petitioner's claim, even if true, would render his judgments voidable and not void, and this allegation does not give rise to a cognizable claim for habeas corpus relief. See Archer, 851 S.W.2d at 164. Because the Petitioner has failed to show that a convicting court was without jurisdiction or authority to sentence him or that his sentence of imprisonment or other restraint has expired, he is not entitled to habeas corpus relief on any of these claims.

Lastly, the Petitioner maintains that the Morgan County Criminal Court deprived him of his right of access to the courts in violation of due process by summarily dismissing his habeas corpus petition before ruling on his Motion for Declaration of Indigency and his Motion to Obtain Free Transcripts, wherein he asked that he "be furnished transcribed copies of his own case located in the Blount County Court." He claims that the "summary dismissal of [his] habeas petition, without consideration of the pending motions, forestalled any meaningful opportunity [for him] to be heard on his right to be declared indigent and . . . to obtain free transcribed copies of his own case" so he could use these transcripts in his habeas corpus case. Citing Bell v. Todd, 206 S.W.3d 86 (Tenn. Ct. App. 2005), the Petitioner asserts that the habeas corpus court erred when it summarily dismissed his habeas corpus petition without ever providing a hearing or ruling on his pending motions.

In Bell, a wrongful death case, the Court of Appeals held that the trial court was required to consider and rule on the arrestee's motions before conducting a civil trial on

the issue of damages.  <u>Id.</u> at 91-92.  Because the holding in <u>Bell</u> is irrelevant to habeas corpus proceedings, we conclude that <u>Bell</u> is not instructive in this case.

We reiterate that all of the Petitioner's claims in his petition, even if true, would not have entitled him to habeas corpus relief, and no declaration of indigency or ordering of a transcript would have shown otherwise.  Accordingly, the habeas corpus court was not required to rule on these motions before summarily dismissing the petition in this case.  Because the summary dismissal of the petition for writ of habeas corpus in this case was proper, the Petitioner is not entitled to relief.

## **<u>CONCLUSION</u>**

Based upon the aforementioned authorities and reasoning, we affirm the judgment summarily dismissing the petition for writ of habeas corpus.

_____
CAMILLE R. MCMULLEN, JUDGE